UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNION BETHEL AFRICAN METHODIST EPISCOPAL CHURCH | CIVIL ACTION |
| VERSUS | No. 23-5455 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL. | SECTION I |

ORDER AND REASONS

Before the Court is plaintiff Union Bethel African Methodist Episcopal Church's ("plaintiff") motion[1] for relief from this Court's order[2] compelling plaintiff to arbitrate its dispute with defendant Independent Specialty Insurance Company ("ISIC"). Defendants ISIC and Certain Underwriters at Lloyd's, London ("Lloyd's") (collectively, "defendants") filed a response[3] in opposition, and plaintiff filed a reply.[4] Each party likewise filed supplemental authority in support of their motions.[5] For the reasons that follow, the Court denies plaintiff's motion.

## I.  FACTUAL BACKGROUND

This matter arises from alleged damages to plaintiff's properties during Hurricane Ida.[6] Plaintiff alleges that, at the time of the storm, plaintiff's property was covered by an insurance policy (the "policy") issued by ISIC, a domestic insurer,

---

[1] R. Doc. No. 26.
[2] R. Doc. No. 23.
[3] R. Doc. No. 27.
[4] R. Doc. No. 28.
[5] R. Doc. No. 34 (defendants' supplemental authority); R. Doc. No. 35 (plaintiff's supplemental authority).
[6] R. Doc. No. 1-1, ¶¶ 1, 8.

1

and Lloyd's, foreign insurer.[7] Plaintiff asserts causes of action for breach of contract and breach of the duty of good faith and fair dealing because defendants allegedly failed to make adequate payments pursuant to the policy.[8]

Based on an arbitration provision in the policy, defendants moved to compel arbitration and to stay proceedings pending arbitration.[9] After considering the arguments by both parties, the Court made an *Erie*[10] guess that Louisiana's general prohibition of arbitration clauses in insurance policies did not apply to surplus lines coverage.[11] The Court also determined that the doctrine of equitable estoppel prevented plaintiff from objecting to arbitration with a domestic defendant-insurer—here, ISIC—because the claims against all defendants, foreign and domestic, were inextricably intertwined.[12] The Court thereby granted defendants' motion to compel arbitration and stayed further proceedings pending said arbitration.[13]

Plaintiff now brings this motion pursuant to Federal Rule of Civil Procedure 60(b), asking this Court to vacate its earlier judgment with respect to ISIC. Plaintiff does not dispute that it can be compelled to arbitrate its dispute with Lloyd's.[14] With respect to the Court's order compelling arbitration with ISIC, plaintiff argues that the Louisiana Supreme Court has since made clear in its decision in *Police Jury of*

---

[7] *Id.* ¶ 7.
[8] *See id.* ¶¶ 45–66.
[9] R. Doc. No. 16.
[10] *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).
[11] *See* R. Doc. No. 23, at 4–8.
[12] *See id.* at 8–10.
[13] *Id.* at 12.
[14] R. Doc. No. 26, at 1.

*Calcasieu Parish v. Indian Harbor Insurance Co.*[15] that arbitration clauses are unenforceable with respect to domestic insurers.[16] Plaintiff likewise argues that *Police Jury of Calcasieu Parish* makes it clear that domestic insurers may not resort to the doctrine of equitable estoppel to enforce an arbitration clause in contravention of Louisiana's positive law.[17] Because there has been a change in the decisional law that formed the basis for the Court's prior order compelling plaintiff to arbitrate its dispute with ISIC, plaintiff asks this Court to vacate that order pursuant to Rule 60(b).[18] Plaintiff does not argue that the Court should vacate its order pursuant to Rule 54(b).[19]

## II.  LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b) provides that a court may "relieve a party from a final judgment" for one of six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[15] 395 So. 3d 717 (La. 2024), *reh'g denied*, 2024-00449 (La. Dec. 12, 2024).
[16] R. Doc. No. 26-1, at 7–8.
[17] *Id.* at 8.
[18] *Id.* at 3–5.
[19] *Cf. JAY VMK, LLC v. Indep. Specialty Ins. Co.*, No. CV 23-720, 2024 WL 4855525, at *3 (E.D. La. Nov. 21, 2024) (Barbier, J.) (vacating an order and reasons compelling arbitration pursuant to Rule 54(b) because of a change in decisional law).

Fed. R. Civ. P. 60(b). Although "[a] motion under Rule 60(b) must be made within a reasonable time," there is no express deadline for a motion brought pursuant to Rule 60(b)(4)–(6). Fed. R. Civ. P. 60(c). The burden of establishing at least one of the Rule 60(b) requirements is on the movants, and the determination whether that burden has been met rests within the discretion of the district court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

Plaintiff does not state with specificity which subsection justifies the requested relief and states only that the Court should apply "Rule 60(b)(4), (5), and/or (6)."[20] The Court analyzes each provision in turn. Because the Court concludes that plaintiff fails to meet its burden to demonstrate that relief is appropriate pursuant to any bases listed in Rule 60(b), the Court denies plaintiff's motion.

### a. Rule 60(b)(4)

Rule 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). The Fifth Circuit has recognized two circumstances in which it is appropriate to apply Rule 60(b)(4) concluding that the judgment is void: "1) if the initial court lacked subject matter or personal jurisdiction; and 2) if the district court acted in a manner inconsistent with due process of law." *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003). Plaintiff does not argue that this Court lacks jurisdiction or that the Court's order was

---

[20] *See* R. Doc. No. 26-1, at 4.

inconsistent with the requirements of due process. Plaintiff therefore fails to meet its burden to demonstrate that Rule 60(b)(4) warrants granting plaintiff's requested relief.

### b. Rule 60(b)(5)

Rule 60(b)(5) authorizes relief from a final judgment when (1) "the judgment has been satisfied, released, or discharged," or (2) "a prior judgment upon which it is based has been reversed or otherwise vacated," or (3) "it is no longer equitable that the judgment should have prospective application." "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order" when there is a "significant change either in factual conditions or in law." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). Motions pursuant to this subsection "are directed to the sound discretion of the district court." *Sec. & Exch. Comm'n v. Novinger*, 40 F.4th 297, 302 (5th Cir. 2022) (quoting *Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 296 (5th Cir. 2015)).

The first two clauses are clearly inapplicable. With respect to the first clause, no judgment has been satisfied or discharged in this case. The second clause likewise fails to provide a basis for relief. "For a decision to be 'based on' a prior judgment within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision . . . ." *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990) (quoting *Lubben v. Selective Service System*, 453 F.2d 645, 650 (1st Cir. 1972)). "It

5

does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding." *Id.* (quoting *Lubben*, 453 F.2d at 650).

Plaintiff's argument is based on a change in applicable law announced by the Louisiana Supreme Court in *Police Jury of Calcasieu Parish*. The Court's prior order does not depend on a judgment that was reversed or vacated in that case. Indeed, because *Police Jury of Calcasieu Parish* arose out of the Louisiana Supreme Court's acceptance of three questions certified to it by the U.S. District Court for the Western District of Louisiana, that case did not reverse or otherwise vacate any prior judgment.[21]

The third clause of Rule 60(b)(5) requires the movant to demonstrate that "(1) the judgment has prospective application and (2) it is no longer equitable that it should so operate." *See Kirksey v. City of Jackson*, 714 F.2d 42, 43 (5th Cir. 1983). This provision encompasses the "traditional power of a court of equity to modify its decree in light of changed circumstances." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004). "A judgment operates prospectively if it requires a court to supervise changing conduct or conditions that are provisional or tentative." *In re Moody*, 849 F.2d 902, 906 (5th Cir. 1988). "Any continuing injunction, for example, would have the requisite prospective effect." *Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th

---

[21] *See Police Jury of Calcasieu Par.*, 395 So. 3d at 730.

Cir. 1980). Not every order that has an arguably prospective effect, however, will have the requisite prospective application.[22]

The Court reads plaintiff's argument regarding the change in law announced in *Police Jury of Calcasieu Parish* as effectively arguing that its prior order granting defendant's motion to compel is no longer equitable. However, plaintiff does not address the prospectivity requirement. Without proper briefing, it is not clear to the Court that its previous order compelling arbitration and staying proceedings applies prospectively within the meaning of Rule 60(b)(5). Plaintiff therefore has not met its burden to show that relief is appropriate pursuant to Rule 60(b)(5).

### c. Rule 60(b)(6)

Relief as outlined in subsection (6), a catchall provision, is available for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). "[T]he first five clauses of Rule 60(b) and the sixth are mutually exclusive" in the sense that Rule 60(b)(6) is "meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002). Relief pursuant to this provision is limited to cases involving "extraordinary circumstances." *Bailey*, 894 F.2d at 160.

---

[22] *See, e.g.*, *Picco v. Glob. Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990) (stating that a dismissal without prejudice on the grounds of *forum non conveniens* after an automatic stay was issued in a bankruptcy proceeding did not have prospective application within the meaning of Rule 60(b)(5) because its only arguable prospective effect is that it "precludes relitigation of the issues decided, which clearly is not enough" to make it prospective).

While the Fifth Circuit has not held that a change in decisional law can never constitute an extraordinary circumstance for granting a Rule 60(b)(6) motion, it has stated that "a change in state decisional law, rendered after this court makes an *Erie* prediction, will not normally constitute an extraordinary circumstance, and cannot alone be grounds for relief from a final judgment pursuant to Rule 60(b)(6)." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 748 & n.6 (5th Cir. 1995). Other than the change in decisional law, plaintiff does not point to any other basis from which the Court can conclude that extraordinary circumstances warrant the requested relief. Plaintiff therefore fails to meet its burden to show that Rule 60(b) relief is appropriate.

### III.    CONCLUSION

Plaintiff has not met its burden of establishing that at least one of the sections of Rule 60(b) applies. Accordingly,

**IT IS ORDERED THAT** plaintiff's motion for relief from the Court's prior order is **DENIED**.

New Orleans, Louisiana, January 10, 2025.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

8